09-2900-ag
Chen v. Holder

BIA
Morace, IJ
A 097 743 640

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of February, two thousand ten.

PRESENT:
>        GUIDO CALABRESI,
>        RICHARD C. WESLEY,
>        PETER W. HALL,
>            *Circuit Judges*.

_____

XING TIAN CHEN, a.k.a. XING JIAN CHENG,
>        *Petitioner*,

v.                                      09-2900-ag
                                        NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL
>        *Respondent*.

_____

FOR PETITIONER:         *Pro se*.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Jennifer Levings, Senior
                        Litigation Counsel; Karen L. Melnik,
                        Trial Attorney, Office of
                        Immigration Litigation, Civil
                        Division, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xing Jian Chen, a native and citizen of China, seeks review of the June 12, 2009 order of the BIA denying his motion to remand and affirming the October 17, 2007 decision of Immigration Judge ("IJ") Philip L. Morace denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xing Jian Chen*, No. A 097 743 640 (B.I.A. June 12, 2009), *aff'g* No. A 097 743 640 (Immig. Ct. N.Y. City Oct. 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Chen argues that the government violated 8 C.F.R. § 208.6 by informing Chinese authorities that he had applied

for political asylum in the United States.  Under that section, "[i]nformation contained in or pertaining to any asylum application . . . shall not be disclosed without the written consent of the applicant."  8 C.F.R. § 208.6(a).  In determining whether confidentiality has been breached, the relevant inquiry is whether the information disclosed by the government "was sufficient to give rise to a reasonable inference" that Chen had applied for asylum.  *Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 264 (2d Cir. 2006).  In this case, the redaction of Chen's name from the police report before it was sent to the Chinese authorities was sufficient to satisfy 8 C.F.R. § 208.6.  *See Zhen Nan Lin*, 459 F.3d at 266 (holding that, in order to protect an asylum applicant's identity, the government may "redact information identifying the applicant from a document before submitting it to the foreign government").  To the extent Chen argues that authorities could have discovered his identity by using the arrest date and other information contained in the report, we are not persuaded.

The IJ also did not err in denying Chen's claims for withholding of removal and CAT relief.  Although Chen argues that the IJ failed to address his eligibility for

withholding of removal based on his illegal departure from China, Chen never raised an illegal departure claim in his asylum application or his testimony before the IJ. To the contrary, Chen testified that he did not know whether he left China legally or illegally. Furthermore, to the extent the IJ construed Chen to have raised a CAT claim based on his being "smuggled" out of China, the IJ did not err in finding Chen ineligible for relief on that basis, particularly where he produced no evidence in support of such a claim. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003). Contrary to Chen's assertion, the IJ did not reject his CAT claim on credibility grounds, instead finding that the evidence, testimony, and background materials did not establish that it was more likely than not that Chen would be tortured if returned to China.

Finally, the BIA did not abuse its discretion in denying Chen's motion to remand. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). Instead, the BIA properly declined to remand based on two letters Chen submitted from his mother that were questionable on their face. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk